### FORAN *v.* FORAN *et al.*

(*Supreme Court, Special Term, New York County.*   March, 1891.)

1. TAXATION—APPORTIONMENT AND SALE—PLEADING.

> In an action against the tenant by curtesy and the other heirs to procure the sale of the land of a decedent, the complaint alleged that the tenant by the curtesy had failed to pay taxes on the land, but suffered the same to remain in arrears for two years, and that the land was liable to be sold to satisfy such taxes.   The prayer of the complaint was that the land be sold, the taxes and liens thereon paid, and the balance distributed among the owners of the premises according to their respective interests.   *Held,* that such complaint did not state a cause of action, under

Laws N. Y. 1855, c. 327, as amended by Laws 1869, c. 859, (2 Rev. St. N. Y., 8th Ed., p. 1128,) entitled "An act to provide for the due apportionment of taxes and assessments, and for the sale of real estate to pay the same," which provides that if real estate is sold, or becomes liable to be sold, for a term of years to pay taxes, the court in an "action brought by any person interested therein for the purpose of compelling a just and equitable apportionment of such tax," may order a sale of the premises, and direct the proceeds to be applied to the payment of the tax, etc.; there being no demand in the complaint for an apportionment of the taxes.

2. SAME—CONCLUSION OF PLEADER.

An averment in the complaint in such case that the taxes are "in arrears for two years," and that "said premises are liable to be sold to satisfy such taxes," is a mere conclusion of the pleader.

3. SAME—LIABILITY TO SALE.

The complaint does not allege facts sufficient to show that the land is liable to be sold for taxes where the only averment as to the unpaid taxes is that the life-tenant has suffered the same "to be and remain unpaid and in arrears, and the same are unpaid and in arrears, for two years," and that "said premises are liable to be sold to satisfy such taxes;" Laws N. Y. 1882, c. 410, (consolidation act,) providing that such sale may be made where taxes have remained unpaid for three years, and have been advertised for sale, with a notice in the advertisement requiring the owner to pay such taxes, with interest and costs.

Action by Thomas E. Foran, Jr., against Thomas E. Foran and others for the sale of certain real estate of which plaintiff's mother died seised, and for a division, after payment of liens thereon, of the balance of the proceeds among those entitled thereto. Defendants demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*James B. Lockwood,* for plaintiff.  *G. H. & L. F. Crawford,* for defendants.

LAWRENCE, J. It is conceded by all the parties to this action that it is brought under chapter 327 of the Laws of 1855, § 1, as amended by chapter 859 of the Laws of 1869, (2 Rev. St. p. 1128, 8th Ed.) That act is entitled, "An act to provide for the due apportionment of taxes and assessments, and for the sale of real estate to pay the same." Section 1 of said act provides as follows: "In all cases where there are several persons interested, at law or in equity, in any real estate situate in this state, either as owning estates therein in possession, reversion, or remainder, or as being presumptively entitled by virtue of any deed or will to such estates, on the death of any person or persons in being, or upon the happening of any contingency in such deed or will specified, and such real estate, or any part thereof, has been sold, or shall hereafter be sold, or is or shall become liable, in case of default, to be sold, for any term of years, to satisfy any tax or assessment imposed thereon, then and in every such case, upon any action brought by any persons so interested therein, for the purpose of compelling a just and equitable apportionment of such tax or assessment upon the several present, future, and presumptive interests as aforesaid, in such real estate, and the payment thereof, or the redemption of the real estate so sold accordingly, the supreme court shall have power at any time, on the application of any party to such action, to extend the time of redemption of any such real estate sold, or to be hereafter sold, to satisfy any tax or assessment imposed thereon, to a period not exceeding six months from the entry of the final judgment to be given in such action, and to order a sale in fee-simple absolute for such real estate, or any parts thereof, to pay such tax or assessment, or to redeem the same, or any part thereof, as aforesaid, and to direct the proceeds of such sale to be applied to the payment of such tax or assessment, or to the redemption of the real estate sold for such tax or assessment after defraying the costs, charges, and expenses of the action, and the proceedings connected therewith." It is alleged in the complaint that Bridget J. Foran died at the city of New York, intestate, on April 10, 1890, leaving, her surviving, the defendant, Thomas E. Foran, her husband, the defendants Margaret Foran and Mary Foran, and the plaintiff, her only children and heirs at law. It is further alleged that

the defendant Margaret L. Foran is the wife of the plaintiff. The complaint further states that the said Bridget J. Foran, at the time of her death, was seized and possessed in her own right of certain pieces and parcels of land situate in the city of New York, which are therein particularly described, that the defendant Thomas E. Foran is the owner of an estate by curtesy for his life in the above-described premises; that the plaintiff is the owner of an undivided one-third part of the same, subject to said life-estate of his father, and subject to the inchoate right of dower of his wife, and subject to certain incumbrances thereon; and that his sisters, Margaret Foran and Mary Foran, are each the owner of an undivided one-third part of said premises, subject to the life-estate of their father, and subject to the incumbrances aforesaid. The defendants Overheiser, Andrews, and the New York Life Insurance Company are stated to hold, or claim to hold, liens by mortgage upon said premises; and the other defendants, whose names are stated to be fictitious, are generally alleged to have some interest in or lien upon the premises "above described." It is further alleged in the complaint, on information and belief, "that the defendant Thomas E. Foran, the owner of an estate for life in the said premises, has not paid the taxes imposed upon said premises, but has suffered the same to be and remain unpaid and in arrears for two years, and said premises are liable to be sold to satisfy such taxes." The prayer of the complaint is as follows: "Wherefore the plaintiff demands judgment that the real estate above described be sold in fee-simple absolute; that out of the proceeds, after paying costs and expenses of the action, the said taxes be paid; that the balance of said proceeds be brought into court; that the liens upon the same be ascertained and paid; that the balance be divided among the owners of said premises according to their respective interests; and that the plaintiff may have such other and further relief as may be proper."

If we take the prayer of the complaint as a guide for ascertaining the exact relief to which the plaintiff conceives himself to be entitled, it would appear that this is an action brought for the purpose of distributing (after the payment of the taxes referred to in the complaint) the proceeds arising from the sale of the lands in question between the heirs of Bridget J. Foran, deceased, and her husband prior to the expiration of the life-estate of her husband. If the statute under which this relief is invoked requires the court to render such a judgment, it must, of course, be awarded; but, in order that the plaintiff should obtain such relief, he must show by the allegations in his complaint that this case is not only within the letter, but within the meaning, of said statute. It will be seen by a reference to the title of said statute that it is "An act to provide for the due apportionment of taxes and assessments, and for the sale of real estate to pay the same." It will also be seen by a reference to the complaint that no apportionment of taxes in this case is demanded. The plaintiff relies upon the mere letter of the statute, which declares that if "such real estate, or any part thereof, has been sold, or shall hereafter be sold, or is or shall become liable, in case of default, to be sold, for any term of years, to satisfy any tax or assessment imposed thereon, then and in every such case, upon any action brought by any person so interested therein for the purpose of compelling a just and equitable apportionment of such tax," etc., "the supreme court shall have power at any time, on the application of any party to such action, to extend the time of redemption of any such real estate sold, or to be hereafter sold, to satisfy any tax or assessment imposed thereon," etc., "and to order a sale in fee-simple absolute for such real estate, or any part thereof, to pay such tax or assessment, or to redeem the same, or any part thereof," etc., "and to direct the proceeds of such real estate to be applied to the payment of such tax or assessment, or to the redemption of the real estate sold for such tax or assessment," etc. The allegation in the complaint, as we have seen, in reference to the non-payment of taxes by the life tenant, is that he has suffered the same "to be and remain unpaid

and, in arrears, and the same are unpaid and in arrears, for two years;" and the pleader adds to this, "and said premises are liable to be sold to satisfy such taxes." This addition is a mere conclusion of the pleader, and can have no weight with the court in disposing of the question which is raised by the demurrer in this case. It is provided by the consolidation act[1] (section 926) that "whenever any tax on lands or tenements, or any assessments on lands or tenements for city improvements, shall remain unpaid for the term of three years from the time the same shall have been confirmed, * * * it shall and may be lawful for the clerk of arrears, under the direction of the comptroller, to advertise the said lands or tenements, or any of them, for sale, and by such advertisement the owner or owners of such lands and tenements, respectively, shall be required to pay the amount of such tax * * * so remaining unpaid, together with the interest thereon, at the rate of twelve per cent. per annum, to the time of payment, with the charges of such notice and advertisement, to the clerk of arrears; and notice shall be given by such advertisement that, if default shall be made in such payment, such lands and tenements will be sold at public auction, at a day and place therein to be specified, for the lowest term of years at which any person or persons shall offer to take the same, in consideration of advancing the said tax, * * * and the interest thereon, as aforesaid, to the time of sale, and together with the charges of the above-mentioned notice and advertisement, and all other costs and charges accrued thereon; and if, notwithstanding such notice, the owner or owners shall refuse or neglect to pay such tax, * * * with interest as aforesaid, and the charges attending such notice and advertisement, then it shall and may be lawful for the said clerk of arrears, under the direction of the said comptroller, to cause such lands and tenements to be sold at public auction for a term of years, for the purpose and in the manner expressed in said advertisement," etc. It will be observed that, under the provisions of the consolidation act, the party whose lands have been taxed is not regarded as in default for the non-payment thereof until the notice provided for by section 926 has been duly advertised, and that after such advertisement said owner has neglected to pay the same. That section further provides that no sale shall take place unless the notice therein prescribed shall have been published once in each week successively for three months in the City Record, or as is otherwise provided for in said section.

There is no allegation in the complaint in this action that the life-tenant, the defendant, has failed to pay the taxes upon the property described in the complaint for the term of three years. There is no allegation to justify the conclusion stated in the complaint that the property is liable to be sold to satisfy such taxes. There is no allegation showing that any default has been made in the payment of such taxes, after the publication of a notice by the clerk of arrears, pursuant to the provisions of section 926 of the consolidation act above referred to; and, furthermore, it is apparent that no such notice could be given if the taxes, as alleged in the complaint, have only remained unpaid and in arrears for two years. Furthermore, it is apparent from the allegations in the complaint that no such case is presented as is contemplated by chapter 327 of the Laws of 1855, as amended by chapter 859 of the Laws of 1869. That act relates either to land which has been sold, or which shall become liable, in case of default, to be sold, for any term of years, to satisfy any tax, etc. The section of the consolidation act before referred to, in characterizing the effect of the non-payment of taxes, with reference to a sale of the land taxed in case of default, limits and defines that default to be a failure to pay after the giving of the notice by the clerk of arrears.

Convinced, as I am, from reading the provisions of these two statutes together, that the act of 1855 was not intended to apply to any case in which a

[1] Laws N. Y. 1882, c. 410.

mere neglect to pay a tax did not involve a sale of lands to satisfy the same, I think the demurrer in this case is well taken, and should be sustained. I am also of the opinion that the case stated in the complaint is not one which was within the contemplation of the legislature which passed the act of 1855. That act, as already observed, was an act to provide for the due apportionment of taxes and assessments, and for the sale of real estate to pay the same. In this case no apportionment is asked for; no default on the part of the life-tenant under the consolidation act is shown; and no facts showing that the lands have become liable, in case of default, to be sold, are alleged. On the contrary, as I read the complaint, the plaintiff's contention amounts to this: that the heirs at law can secure a practical partition of the proceeds of a sale of the real estate between them and their father before the expiration of his life-estate, and before he is in such default in the payment of taxes (which as life-tenant he is bound to pay) as renders the land liable to be sold for the non-payment of such taxes. There must be judgment, therefore, for the defendant, sustaining the demurrer, with leave to the plaintiff to amend upon payment of costs.